# UNITED STATES DISTRICT COURT
## SOUTH FLORIDA DISTRICT OF FLORIDA

### CASE NO. 11-CV-21860-UU

LUIS PADILLA,

      **Plaintiff,**

vs.

BANK OF AMERICA, N.A., INC.,
UNIVERSAL AMERICAN MORTGAGE
COMPANY, LLC, UNIVERSAL
AMERICAN MORTGAGE COMPANY
OF CALIFORNIA, RESIDENTIAL
PROPERTY LENDERS, LENNAR
HOMES INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., BRITE INVESTMENT
REALTY F/K/A ERA BRIGHT
INVESTMENT REALTY, INC.,
FIDELITY NATIONAL TITLE
COMPANY, ET. AL.

      **Defendants.**

_____/

## BANK OF AMERICA, N.A.'S AND MERS, INC.'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO LUIS PADILLA'S COMPLAINT

Defendants, Bank of America, National Association (**BANA**) and Mortgage Electronic Registration Systems, Inc. (**MERS**) (collectively, **defendants**), answer plaintiff Luis Padilla's (**Padilla**) complaint, filed February 11, 2011 [Doc. 1], by denying all allegations that are not expressly admitted below and stating as follows:

### ANSWER

#### —SUMMARY OF ACTIONS—

1.    Defendants admit this purports to be an action for fraud, deceptive lending practices, injunctive relief, quiet title, rescission and monetary judgment, but deny Padilla is entitled to any relief.

—Parties, Jurisdiction and Venue—

2.      Defendants deny the allegations in paragraph 2 because they do not know if they are true.

3.      BANA denies the allegations contained in paragraph 3.

4.      The allegations in paragraph 4 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 4.

5.      The allegations in paragraph 5 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 5.

6.      The allegations in paragraph 6 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 6.

7.      The allegations in paragraph 7 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 7.

8.      The allegations in paragraph 8 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 8.

9.      MERS denies the allegations in paragraph 9.

10.     The allegations in paragraph 10 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 10.

11.     Defendants deny the allegations in paragraph 11.

12.     Paragraph 12 contains a conclusory statement to which no response is required.

13.     Paragraph 13 states a legal conclusion to which no response is required.  To the extent a response is required, defendants deny the allegations contained in paragraph 13.

14.     Paragraph 14 states a legal conclusion to which no response is required.  To the extent a response is required, defendants deny the allegations contained in paragraph 14.

—ALLEGATIONS COMMON TO ALL COUNTS—

THE NATURE OF PREDATORY LENDING

15.     Paragraph 15 states legal conclusion to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 15.

16.     Paragraph 16 states legal conclusion to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 16.

17.     Paragraph 17 and its subparts state legal conclusions to which no responses are required. To the extent responses are required, defendants deny the allegations in paragraph 17. Further answering:

  a.   To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(a), defendants deny the allegations in paragraph 17(a).

  b.   To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(b), defendants deny the allegations in paragraph 17(b).

  c.    To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(c), defendants deny the allegations in paragraph 17(c).

  d.   To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(d), defendants deny the allegations in paragraph 17(d).

  e.   To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(e), defendants deny the allegations in paragraph 17(e).

  f.   To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(f), defendants deny the allegations in paragraph 17(f).

g.  To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(g), defendants deny the allegations in paragraph 17(g).

h.  To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(h), defendants deny the allegations in paragraph 17(h).

i.  To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(i), defendants deny the allegations in paragraph 17(i).

j.  To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(j), defendants deny the allegations in paragraph 17(j).

k.  To the extent plaintiff is alleging that defendants engaged in any of the practices described in paragraph 17(k), defendants deny the allegations in paragraph 17(k).

18.  The allegations in paragraph 18 do not relate to BANA or MERS, and therefore no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 18.

19.  Defendants deny the allegations in paragraph 19.

### —THE SECONDARY LOAN MARKET, THE SECURITIZATION OF LOANS, AND MORTGAGE BACKED SECURITIES—

20.  The allegations in paragraph 20 do not relate to BANA or MERS, and therefore no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 20.

21.  The allegations in paragraph 21 do not relate to BANA or MERS, and therefore no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 21.

22.  BANA denies the allegations in paragraph 22 because it does not know if they are true.

23.     The allegations in paragraph 23 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 23.

24.     The allegations in paragraph 24 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 24.

25.     The allegations in paragraph 25 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 25.

26.     The allegations in paragraph 26 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 26.

27.     The allegations in paragraph 27 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 27.

28.     The allegations in paragraph 28 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 28 because they do not know if they are true.

29.     Defendants deny the allegations in paragraph 29 because they do not know if they are true.

### —THE ASSIGNMENT OF LOANS TO THE MBS TRUST—

30.     The allegations in paragraph 30 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 30.

31.    The allegations in paragraph 31 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 31.

32.    MERS denies the allegations in paragraph 32 because it does not know if they are true.

33.    Defendants deny the allegations in paragraph 33 because they do not know if they are true.

—GENERAL FACTUAL ALLEGATIONS—

34.    The allegations in paragraph 34 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 34 because they do not know if they are true.

35.    Defendants admit the allegations in paragraph 35.

36.    The allegations in paragraph 36 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 36.

37.    The allegations in paragraph 37 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 37 because they do not know if they are true.

38.    The allegations in paragraph 38 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 38 because they do not know if they are true.

39.    The allegations in paragraph 39 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 39 because they do not know if they are true.

40.    The allegations in paragraph 40 state a legal conclusion and do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required,

defendants deny the allegations in paragraph 40 because they do not know if they are true.

41.   The allegations in paragraph 41 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 41 because they do not know if they are true.

42.   The allegations in paragraph 42 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 42 because they do not know if they are true.

43.   The allegations in paragraph 43 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 43 because they do not know if they are true.

44.   The Universal Note and Mortgage, attached to the Complaint as EXHIBITS A and B, speak for themselves, and no response to paragraph 44 is required.

45.   The allegations in paragraph 45 do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 45 because they do not know if they are true.

46.   The allegations in paragraph 46 state legal conclusions and do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 46 because they do not know if they are true.

47.   The allegations in paragraph 47 state legal conclusions and do not relate to BANA or MERS, and therefore no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 47 because they do not know if they are true.

48.  The allegations in paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 48.

49.  The allegations in paragraph 49 state legal conclusions and do not relate to BANA or MERS, and therefore no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 49 because they do not know if they are true.

50.  Defendants deny the allegations in paragraph 50 because they do not know if they are true.

51.  The allegations of paragraph 51 state a legal conclusion and the Universal Note and Mortgage, attached to the Complaint as EXHIBITS A and B, speak for themselves. Therefore, no response to paragraph 51 is required.

52.  The Universal Note and Mortgage, attached to the Complaint as EXHIBITS A and B, speak for themselves, and no response to paragraph 52 is required.  To the extent a response is required, defendants deny the allegations in paragraph 52 because they do not know if they are true.

53.  The allegations in paragraph 53 state legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 53.

54.  BANA denies the allegations in paragraph 54 because it does not know if they are true.

55.  The allegations in paragraph 55 state legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations contained in paragraph 55 because they do not know if they are true.

56.  The allegations in paragraph 56 state legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations contained in paragraph 56 because they do not know if they are true.

57.   The allegations in paragraph 57 state legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations contained in paragraph 57 because they do not know if they are true.

58.   BANA denies the allegations contained in paragraph 58 because it does not know if they are true.

59.   The allegations in paragraph 59 state legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations contained in paragraph 59.

60.   BANA denies the allegations in paragraph 60.

61.   BANA denies the allegations in paragraph 61.

### —First Cause of Action—
### (Fraud – Intentional Misrepresentation Against Defendants Universal, Bank of American, N.A., and XYZ Corp., inclusive)

62.   BANA re-alleges paragraphs 1-61 as if set forth fully herein.

63.   BANA denies the allegations in paragraph 63 and all of its subparts.  Further answering:

    a.   BANA denies the allegations in paragraph 63(a) because it does not know if they are true.

    b.   BANA denies the allegations in paragraph 63(b) because it does not know if they are true.

    c.   BANA denies the allegations in paragraph 63(c) because it does not know if they are true.

    d.   BANA denies the allegations in paragraph 63(d) because it does not know if they are true.

    e.   BANA denies the allegations in paragraph 63(e) because it does not know if they are true.

f.  BANA denies the allegations in paragraph 63(f) because it does not know if they are true.

g.  BANA denies the allegations in paragraph 63(g) because it does not know if they are true.

h.  BANA denies the allegations in paragraph 63(h) because it does not know if they are true.

i.  BANA denies the allegations in paragraph 63(i) because it does not know if they are true.

j.  BANA denies the allegations in paragraph 63(j) because it does not know if they are true.

k.  BANA denies the allegations in paragraph 63(k) because it does not know if they are true.

l.  BANA denies the allegations in paragraph 63(l) because it does not know if they are true.

m.  BANA denies the allegation in paragraph 63(m) because it does not know if they are true.

n.  BANA denies the allegation in paragraph 63(n) because it does not know if they are true.

o.  BANA denies the allegations in paragraph 63(o) because it does not know if they are true.

p.  The allegations in paragraph 63(p) do not relate to BANA, and no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 63(p) because it does not know if they are true.

q.  BANA denies the allegations in paragraph 63(q) because it does not know of they are true.

r.  The allegations in paragraph 63(r) do not relate to BANA, and no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 63(r) because it does not know if they are true.

s.  BANA denies the allegations in paragraph 63(s) because it does not know if they are true.

t.  BANA denies the allegations in paragraph 63(t) because it does not know if they are true.

u.  BANA denies the allegations in paragraph 63(u) because it does not know if they are true.

v.  BANA denies the allegations in paragraph 63(v) because it does not know if they are true.

64.  BANA denies the allegations in paragraph 64 because it does not know if they are true.

65.  The allegations in paragraph 65 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 65 because it does not know if they are true.

66.  The allegations in paragraph 66 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 66 because it does not know if they are true.

67.  The allegations in paragraph 67 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 67 because it does not know if they are true.

68.  The allegations in paragraph 68 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies that it perpetrated a fraud on plaintiff.

69.   The allegations in paragraph 69 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 69 because it does not know if they are true.

70.   The allegations in paragraph 70 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 70 because it does not know if they are true.

71.   The allegations in paragraph 71 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 71 because it does not know if they are true.

72.   The allegations in paragraph 72 state legal conclusions to which no responses are required. To the extent responses are required, BANA denies the allegations in paragraph 72 because it does not know if they are true.

73.   The allegations in paragraph 73 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 73 because it does not know if they are true.

74.   The allegations in paragraph 74 state legal conclusions and the Universal Note and Mortgage, attached to the Complaint as EXHIBITS A and B, speak for themselves, and no response to paragraph 74 is required. To the extent a response is required, BANA denies the allegations in paragraph 74 because it does not know if they are true.

—SECOND CAUSE OF ACTION—
(FRAUD – NEGLIGENT MISREPRESENTATION AGAINST DEFENDANTS
UNIVERSAL, BANK OF AMERICAN, N.A., AND XYZ CORP., INCLUSIVE)

75.   BANA re-alleges paragraphs 1-61 as if set forth fully herein.[1]

---

[1] To the extent this cause of action intentionally tried to incorporate by reference paragraphs 1-88 and 90-95, BANA re-alleges its responses to these paragraphs.

76.    The allegations in paragraph 76 state legal conclusions to which no responses are required.    To the extent responses are required, BANA denies the allegations in paragraph 76 because it does not know if they are true.

77.    The allegations in paragraph 77 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 77 because it does not know if they are true.

78.    The allegations in paragraph 78 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 78 because it does not know if they are true.

79.    The allegations in paragraph 79 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 79 because it does not know if they are true.

80.    The allegations in paragraph 80 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 80 because it does not know if they are true.

81.    The allegations in paragraph 81 state legal conclusions to which no responses are required.    To the extent responses are required, BANA denies the allegations in paragraph 81 because it does not know if they are true.

82.    The allegations in paragraph 82 state legal conclusions and the Universal Note and Mortgage, attached to the Complaint as EXHIBITS A and B, speak for themselves, and no response to paragraph 82 is required.  To the extent a response is required, BANA denies the allegations in paragraph 82 because it does not know if they are true.

### —THIRD CAUSE OF ACTION—
(FRAUDULENT CONCEALMENT – AGAINST DEFENDANTS
UNIVERSAL, BANK OF AMERICAN, N.A., AND DOES 1-50, INCLUSIVE)

83.  BANA re-alleges paragraphs 1-61 as if set forth fully herein.[2]

84.  BANA denies the allegations in paragraph 84.

85.  The allegations in paragraph 85 state legal conclusions to which no responses are required. To the extent responses are required, BANA denies the allegations in paragraph 85 because it does not know if they are true.

86.  The allegations in paragraph 86 state legal conclusions to which no responses are required. To the extent responses are required, BANA denies the allegations in paragraph 86 because it does not know if they are true.

87.  The allegations in paragraph 87 state legal conclusions to which no responses are required. To the extent responses are required, BANA denies the allegations in paragraph 87 because it does not know if they are true.

88.  The allegations in paragraph 88 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 88 because it does not know if they are true.

89.  The allegations in paragraph 89 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 89 because it does not know if they are true.

90.  The allegations in paragraph 90 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 90 because it does not know if they are true.

91.  The allegations in paragraph 91 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 91 because it does not know if they are true.

---

[2] To the extent this cause of action intentionally tried to incorporate by reference paragraphs 1-88 and 90-95, BANA re-alleges its responses to these paragraphs.

92.     The allegations in paragraph 92 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 92 because it does not know if they are true.

93.     The allegations in paragraph 93 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 93 because it does not know if they are true.

94.     The allegations in paragraph 94 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 94 because it does not know if they are true.

95.     The allegations in paragraph 95 state legal conclusions and the Universal Note and Mortgage, attached to the Complaint as EXHIBITS A and B, speak for themselves, and no response to paragraph 95 is required. To the extent a response is required, BANA denies the allegations in paragraph 95 because it does not know if they are true.

—FOURTH CAUSE OF ACTION—
(VIOLATIONS OF TILA – AGAINST DEFENDANTS UNIVERSAL, BANK OF AMERICA, N.A., AND
XYZ CORP., INCLUSIVE, AS TO ALL ALLEGATIONS AND REMEDIES;
VIOLATIONS OF TILA – AGAINST DEFENDANTS BANK OF AMERICA, N.A., RESIDENTIAL
PROPERTY LENDERS, MERS, FIDELITY NATIONAL TITLE COMPANY, AND XYZ CORP.,
INCLUSIVE, AS TO THE REMEDY OF RESCISSION)

96.     Defendants re-allege paragraphs 1-95 as if set forth fully herein.

97.     The allegations in paragraph 97 state a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 97 because they do not know if they are true.

98.     The allegations in paragraph 98 and its subparts state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 98 because it does not know if they are true. Further answering:

a.  BANA denies the allegations in paragraph 98(a) because it does not know if they are true.

b.  BANA denies the allegations in paragraph 98(b) because it does not know if they are true.

c.  BANA denies the allegations in paragraph 98(c) because it does not know if they are true.

d.  BANA denies the allegations in paragraph 98(d) because it does not know if they are true.

e.  BANA denies the allegations in paragraph 98(e) because it does not know if they are true.

f.  BANA denies the allegations in paragraph 98(f) because it does not know if they are true.

g.  BANA denies the allegations in paragraph 98(g) because it does not know if they are true.

h.  BANA denies the allegations in paragraph 98(h) because it does not know if they are true.

i.  BANA denies the allegations in paragraph 98(i) because it does not know if they are true.

99.  The allegations in paragraph 99 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 99 because it does not know if they are true.

100.  The allegations in paragraph 100 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 100 because it does not know if they are true.

101.    The allegations in paragraph 101 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 101 because it does not know if they are true.

102.    The allegations in paragraph 102 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 102 because it does not know if they are true.

103.    The allegations in paragraph 103 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 103 because it does not know if they are true.

104.    The allegations in paragraph 104 state a legal conclusion to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 103 because they do not know if they are true.

105.    The allegations in paragraph 105 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 105 because it does not know if they are true.

106.    The allegations in paragraph 106 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 106 because it does not know if they are true.

—FIFTH CAUSE OF ACTION—
(VIOLATIONS OF RESPA – AGAINST DEFENDANTS UNIVERSAL, BANK OF AMERICA, N.A., AND XYZ CORP., INCLUSIVE, AS TO ALL ALLEGATIONS AND REMEDIES;
VIOLATIONS OF TILA – AGAINST DEFENDANTS BANK OF AMERICA, N.A., RESIDENTIAL PROPERTY LENDERS, MERS, BRITE REALTY, FIDELITY NATIONAL TITLE COMPANY, AND XYZ CORP., INCLUSIVE, AS TO THE REMEDY OF RESCISSION)

107.    Defendants re-allege paragraphs 1-106 as if set forth fully herein.

108.   The allegations in paragraph 108 state a legal conclusion to which no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 108 because they do not know if they are true.

109.   The allegations in paragraph 109 and its subparts state a legal conclusion to which no response is required.   To the extent a response is required, BANA denies the allegations in paragraph 109 because it does not know if they are true.   Further answering:

   a.   BANA denies the allegations in paragraph 109(a) because it does not know if they are true.

   b.   BANA denies the allegations in paragraph 109(b) because it does not know if they are true.

   c.   BANA denies the allegations in paragraph 109(c) because it does not know if they are true.

   d.   BANA denies the allegations in paragraph 109(d) because it does not know if they are true.

   e.   BANA denies the allegations in paragraph 109(e) because it does not know if they are true.

   f.   BANA denies the allegations in paragraph 109(f) because it does not know if they are true.

   g.   BANA denies the allegations in paragraph 109(g) because it does not know if they are true.

   h.   BANA denies the allegations in paragraph 109(h) because it does not know if they are true.

   i.   BANA denies the allegations in paragraph 109(i) because it does not know if they are true.

    j.    BANA denies the allegations in paragraph 109(j) because it does not know if they are true.

    k.    BANA denies the allegations in paragraph 109(k) because it does not know if they are true.

    l.    BANA denies the allegations in paragraph 109(l) because it does not know if they are true.

    m.    BANA denies the allegations in paragraph 109(m) because it does not know if they are true.

110. The allegations in paragraph 110 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 110 because it does not know if they are true.

111. The allegations in paragraph 111 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 111 because it does not know if they are true.

112. The allegations in paragraph 112 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 112 because it does not know if they are true.

113. The allegations in paragraph 113 state a legal conclusion to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 113 because they do not know if they are true.

114. The allegations in paragraph 114 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 114 because it does not know if they are true.

115.     The allegations in paragraph 115 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 115 because it does not know if they are true.

**—SIXTH CAUSE OF ACTION—**
**(VIOLATIONS OF STATE STATUTES – AGAINST DEFENDANTS UNIVERSAL, AMERICAN MORTGAGE COMPANY, LLC, BANK OF AMERICA, N.A., AND XYZ CORP., INCLUSIVE, AS TO ALL ALLEGATIONS AND REMEDIES;**
**VIOLATIONS OF STATE STATUTES – AGAINST DEFENDANTS BANK OF AMERICA, N.A., RESIDENTIAL PROPERTY LENDERS, MERS, BRITE REALTY, FIDELITY NATIONAL TITLE COMPANY, AND XYZ CORP., INCLUSIVE, AS TO THE INJUNCTIVE REMEDY)**

116.     Defendants re-allege paragraphs 1-115 as if set forth fully herein.

117.     The allegations in paragraph 117 state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 117 because it does not know if they are true.

118.     The allegations in paragraph 118 and its subparts state a legal conclusion to which no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 118 because it does not know if they are true.  Further answering:

   a.    BANA denies the allegations in paragraph 118(a) because it does not know if they are true.

   b.    BANA denies the allegations in paragraph 118(b) because it does not know if they are true.

   c.    BANA denies the allegations in paragraph 118(c) because it does not know if they are true.

   d.    BANA denies the allegations in paragraph 118(d) because it does not know if they are true.

   e.    BANA denies the allegations in paragraph 118(e) because it does not know if they are true.

    f.  BANA denies the allegations in paragraph 118(f) because it does not know if they are true.

119.   The allegations in paragraph 119 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 119 because it does not know if they are true.

120.   The allegations in paragraph 120 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 120 because it does not know if they are true.

121.   The allegations in paragraph 121 state a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 121 because they do not know if they are true.

122.   The allegations in paragraph 122 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 122 because it does not know if they are true.

123.   The allegations in paragraph 123 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 123 because it does not know if they are true.

124.   The allegations in paragraph 124 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 124 because it does not know if they are true.

125.   The allegations in paragraph 125 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 125 because it does not know if they are true.

126.    The allegations in paragraph 126 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 126 because it does not know if they are true.

127.    The allegations in paragraph 127 state a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 127 because they do not know if they are true.

—SEVENTH CAUSE OF ACTION—
(QUIET TITLE AGAINST ALL DEFENDANTS)

128.    Defendants re-allege paragraphs 1-127 as if set forth fully herein.

129.    The allegations in paragraph 129 state a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 129 because they do not know if they are true.

130.    The deed recorded in Miami-Dade County, Florida speaks for itself, and no response to paragraph 130 is required. To the extent a response is required, defendants deny the allegations in paragraph 130 because they do not know if they are true.

131.    BANA admits that it has an interest in the property superior to that of plaintiff, and denies the remaining allegations of paragraph 131.

132.    Defendants admit that this purports to be a cause of action for quiet title, but deny that plaintiff is entitled to such relief.

—EIGHTH CAUSE OF ACTION—
(VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 AGAINST
DEFENDANTS UNIVERSAL, BANK OF AMERICA, N.A., AND XYZ CORP., INCLUSIVE)

133.    BANA re-alleges paragraphs 1-132 as if set forth fully herein.

134.    The allegations in paragraph 134 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 134 because it does not know if they are true.

135.   The allegations in paragraph 135 state legal conclusions to which no responses are required.   To the extent responses are required, BANA denies the allegations in paragraph 135 because it does not know if they are true.

136.   The allegations in paragraph 136 state a legal conclusion to which no response is required.   To the extent a response is required, BANA denies the allegations in paragraph 136 because it does not know if they are true.

137.   The allegations in paragraph 137 state a legal conclusion to which no response is required.   To the extent a response is required, BANA denies the allegations in paragraph 137 because it does not know if they are true.

138.   The allegations in paragraph 138 state a legal conclusion to which no response is required.   To the extent a response is required, BANA denies the allegations in paragraph 138 because it does not know if they are true.

139.   The allegations in paragraph 139 state a legal conclusion to which no response is required.   To the extent a response is required, BANA denies the allegations in paragraph 139 because it does not know if they are true.

140.   The allegations in paragraph 140 state a legal conclusion to which no response is required.   To the extent a response is required, BANA denies the allegations in paragraph 140 because it does not know if they are true.

—NINTH CAUSE OF ACTION—
(TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND
PERMANENT INJUNCTION AGAINST ALL DEFENDANTS)

141.   Defendants re-allege paragraphs 1-140 as if set forth fully herein.

142.   The allegations in paragraph 142 state a legal conclusion to which no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 142 because they do not know if they are true.

143. The allegations in paragraph 143 state a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 143 because they do not know if they are true.

144. The allegations in paragraph 144 state a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 144 because they do not know if they are true.

145. The allegations in paragraph 145 state a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 145 because they do not know if they are true.

146. The allegations in paragraph 146 state a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 146 because they do not know if they are true.

## —TENTH CAUSE OF ACTION—
### (VIOLATIONS OF FCRA – AGAINST DEFENDANTS UNIVERSAL, BANK OF AMERICA, N.A., AND XYZ CORP., INCLUSIVE)

147. Defendants re-allege paragraphs 1-146 as if set forth fully herein.

148. The allegations in paragraph 148 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 148 because it does not know if they are true.

149. The allegations in paragraph 149 and its subparts state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 149 because it does not know if they are true. Further answering:

  a. BANA denies the allegations in paragraph 149(a) because it does not know if they are true.

  b. BANA denies the allegations in paragraph 149(b) because it does not know if they are true.

    c.  BANA denies the allegations in paragraph 149(c) because it does not know if they are true.

150.   The allegations in paragraph 150 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 150 because it does not know if they are true.

151.   The allegations in paragraph 151 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 151 because it does not know if they are true.

152.   The allegations in paragraph 152 state a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations in paragraph 152 because it does not know if they are true.

153.   Defendants deny that plaintiff is entitled to any relief sought in the Wherefore clauses of the Complaint, numbered 1-48.

## DEFENSES AND AFFIRMATIVE DEFENSES

### —All Claims—

1.   ***Failure to State a Claim Against Proper Party***: Without waiving any of the defenses stated herein, BANA denies that it is known as Bank of America, N.A., Inc. or Bank of America, N.A., as Successor in Interest to Countrywide Home Loans, Inc., as alleged in paragraphs 3 and 5 of the Complaint.

2.   ***Statute of Limitations:*** Padilla's defenses are barred to the extent they exceed the applicable statute of limitations, including those provided under Florida Statute § 95.11.

3.   ***Adequate Remedy at Law:*** To the extent the Padilla seeks equitable relief, such demand is barred because he has an adequate remedy at law. The rights of the parties are governed by the mortgage loan documents.

4.   **No Vicarious Liability:** Defendants are not vicariously liable for any acts of misconduct which Padilla attributes to mortgage broker(s), real estate agents, title agents, or other third parties involved in the loan origination.

5.   **No Derivative Liability:** Defendants are not derivatively liable for any illegal activities of any mortgage broker(s), real estate agent, title agents, or other third parties involved with the origination of Padilla's loan.

6.   **Set-Off and Reduction:** Defendants are entitled to a set-off and reduction against amounts that are recovered by Padilla from any other party in connection with his alleged defenses.

7.   **Voluntary Agreement:** Padilla's defenses are barred, in whole or in part, by his binding, voluntary agreement to the terms and conditions of his mortgage.

8.   **No Oral Modification:** To the extent Padilla alleges that he, BANA, or its predecessor or agents modified the written loan documents orally or otherwise modified or created an oral credit agreement, any such defense is precluded by the prior written agreement between the parties.

9.   **Statute of Frauds:** To the extent Padilla alleges agreements or representations made to him that are not expressly contained in the loan documents or a mutually signed amendment to those loan documents, such agreements or representations are barred by the statute of frauds. *See* FLA. STAT. § 687.0304(2) (a borrower may not raise a claim under a credit agreement unless that credit agreement is in writing).

10.  **Parol Evidence Rule:** To the extent Padilla seeks to introduce evidence modifying or contradicting the written loan documents, including the note(s) and mortgage(s), the parol evidence rule bars any evidence that seeks to modify or contradict a written document intended by the parties to be a final embodiment of their agreement.

11.    ***No Reasonable Reliance:***  Assuming for this defense that oral or written pre-contractual representations were made and are binding upon the defendants, any reliance on such representations about loan terms different from what is stated in the loan documents would be unreasonable as a matter of law.

12.    ***No Reliance:***  Assuming for this defense that oral or written pre-contractual representations were made and are binding upon the defendants, Padilla did not rely on any such representations.

13.    ***No Injury or Damages:***  Padilla has not been damaged or harmed by the conduct alleged in his complaint.

14.    ***Failure to Mitigate Damages:***  Padilla's defenses are barred because, and also to the extent that, he has failed to mitigate damages.

15.    ***No Loan Origination:***  Defendants did not originate Padilla's loan.

16.    ***Compliance With Law:***  Defendants have, with respect to Padilla, complied with and committed no violations of applicable federal or state laws, statutes or regulations.

17.    ***Economic Loss Rule:***  Any tort theory asserted by Padilla is precluded by the economic loss rule because it pertains to the performance of contractual obligations (inseparably intertwined with his mortgage) and does not involve allegations of legally recoverable personal injury or other property damage.

18.    ***No Fiduciary Duty:***  Defendants have no fiduciary relationship with Padilla under Florida law.

19.    ***No Duty to Determine Suitability:***  Defendants did not have a duty to advise Padilla regarding the suitability of the mortgage loan.

20.    ***Fault of Others***:  Assuming Padilla has been damaged, any such damages resulted from, and were proximately caused by, the acts and/or omissions of persons or entities other than defendants.

21. **Reservation:** Defendants reserve the right to assert any additional defenses based on information or knowledge obtained throughout the course of litigation.

22. **Jury Trial Waiver:** Padilla explicitly and conspicuously waived the right to a jury trial on all claims pursuant to the mortgage.

## —Fraud / Negligent Misrepresentation—

23. **No Misrepresentations:** The fraud-based claims do not allege a single misstatement or misrepresentation made by defendants. To the extent the purported fraud is based on a statement that Padilla would be given an "affordable loan" this is not actionable because puffery and future projections cannot base fraud.

24. **No Reasonable Reliance:** The terms of the mortgage loan were fully disclosed and Padilla could not reasonably rely upon statements or omissions about loan terms contrary to the express terms within the executed loan documents. Alternatively, Padilla could not have reasonably relied on statements or omissions due to his failure to act diligently and reasonably in applying for and obtaining home financing.

25. **No Damages:** Padilla cannot claim actionable fraud against defendants because he has not been harmed by anything allegedly stated or withheld by defendants.

26. **Failure to Plead Fraud With Particularity:** Padilla has not plead his fraud allegations with particularity as required by Fla. R. Civ. P. 1.120(b).

## —Violations of TILA—

27. **Failure to State a Claim:** Padilla failed to state a claim for violation of the Truth in Lending Act (**TILA**), 15 U.S.C. § 1601, *et seq.* upon which relief can be granted.

28. **TILA Statute of Limitations:** All claims for damages under TILA are time-barred to the extent they exceed the applicable statute of limitations set forth in 15 U.S.C. §§ 1640(e) and/or 1635.

29.   ***No Right of Rescission*:**  The loan transaction is not subject to rescission under 15 U.S.C. § 1635.

30.   ***No Timely Exercise of Rescission:***  Assuming for purposes of this defense that Padilla had a right of rescission, he failed to timely and properly exercise a valid right of rescission before the time to rescind expired under 15 U.S.C. § 1635.

31.   ***No Extended Right of Rescission:***  Assuming for purposes of this defense Padilla's loan was subject to rescission, any right of rescission was not extended because he received all required disclosures under TILA.

32.   ***Timely and Accurate Required Disclosures:***  Any TILA claim fails because all required disclosures were timely and accurately made in accordance with TILA.

33.   ***TILA Error Tolerances:***  Any alleged errors in the required material disclosures, assuming only for purposes of this defense that they existed, were within the error tolerances allowed under TILA.

34.   ***Limited Assignee Liability Under TILA*:**  Even assuming a numerical disclosure omission or error took place, any affirmative defense under TILA is barred because defendants cannot be liable for any such disclosure violation not apparent on the face of the disclosure statement.  Any alleged numerical omission or error was not apparent on the face of the disclosure statement.

35.   ***Bona Fide Error*:**  Assuming only for purposes of this defense that disclosure errors existed, any disclosure would constitute a bona fide error notwithstanding the reasonable procedures in place to prevent the occurrence of such errors.  15 U.S.C. § 1640(c).

## —VIOLATIONS OF RESPA—

36.   ***Statute of Limitations:***  Any claim under RESPA is barred to the extent it is time-barred under 12 U.S.C. § 2614.

37.   ***No Qualified Written Request:***  To the extent Padilla alleges failure to respond to a request pursuant to 12 U.S.C. § 2605, no qualified written request was properly served and defendants have no statutory duty to respond to any such request.

38.   ***Standing:***  Padilla lacks standing under RESPA to the extent his loan was for investment or business purposes.

39.   ***Good Faith/Safe Harbor Defenses:***  Padilla's claims are barred or limited by one or more of the several defenses and liability limitations available under RESPA, including, but not limited, to those set forth in 12 U.S.C. § 2607(c) and the "safe harbor" provided in 12 U.S.C. § 2617(b).

40.   ***No Actual Damages:***   Padilla's claims are barred because he has suffered no actual damages as required by 12 U.S.C. § 2605(f).

41.   ***No Statutory Damages:*** Padilla is not entitled to statutory damages because he has not alleged and cannot prove that defendants engaged in a pattern or practice of noncompliance as required by 12 U.S.C. § 2605(f).

## —DECLARATORY AND INJUNCTIVE RELIEF—

42.   ***Adequate Remedy at Law:*** Padilla has not alleged and cannot show he lacks an adequate remedy at law.

43.   ***No Case or Controversy:*** There is no existing case or controversy requiring declaratory or injunctive relief.   No count for declaratory relief is necessary because there is no additional case or controversy between the parties not covered by causes of action already being adjudicated.

44.   ***No Irreparable Harm:*** Padilla is not entitled to injunctive relief because he has failed to show any threat of irreparable harm.

*Wherefore*, having fully set forth their defenses and affirmative defenses to Padilla's complaint, defendants respectfully request that this Court enter judgment in their favor and also respectfully requests the Court award them (a) costs; and (b) attorneys' fees incurred in this lawsuit under the attorneys' fees provision in the loan documents.

Respectfully submitted,

/s/ Jeffrey A. Trinz
Jeffrey A. Trinz
Fla. Bar No. 0265683
Eric S. Matthew
Fla. Bar No. 0026539
**AKERMAN SENTERFITT**
One Southeast Third Avenue  25th Floor
Miami, Florida 33131-1714
E-Mail: jeffrey.trinz@akerman.com
E-Mail: eric.matthew@akerman.com
305-374-5600 (ph)/305-374-5095 (fax)

and

William P. Heller
Fla. Bar No. 987263
**AKERMAN SENTERFITT**
Las Olas Centre II
350 East Las Olas Blvd.  Suite 1600
Fort Lauderdale, Florida 33301
E-Mail: william.heller@akerman.com
954-759-8945(ph)/954-463-2224 (fax)

### CERTIFICATE OF SERVICE

I hereby certify on June 3, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jeffrey A. Trinz
Jeffrey A. Trinz

## SERVICE LIST

### PADILLA  v. BANK OF AMERICA, N.A., INC. ET. AL.
### CASE NO. 11-CV-21860-UU

| | |
|---|---|
| Jeffrey A. Trinz<br>Fla. Bar No. 0265683<br>Eric S. Matthew<br>Fla. Bar No. 0026539<br>**AKERMAN SENTERFITT**<br>One Southeast Third Avenue  25th Floor<br>Miami, Florida 33131<br>Telephone:  (305) 982-5547<br>Facsimile:   (305) 995-6987<br><br><br>William P. Heller<br>Florida Bar Number:  987263<br>**AKERMAN SENTERFITT**<br>350 East Las Olas Boulevard, Suite 1600<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 759-8945<br>Facsimile: (954) 463-2224<br><br><br>*Counsel for Citimortgage, Inc.* | David A. Bellon, Esq.<br>The Law Firm of Jeffrey Galperin<br>148-03A Hillside Avenue<br>Jamaica, NY  11435<br>Telephone:  (347) 561-3447<br><br>*Counsel for Plaintiff* |